**In re MAHAN & ROWSEY, INC., Debtor.**

**Dan B. TURLEY, Appellee,**

v.

**MAHAN & ROWSEY, INC., Appellant.**

No. BK–82–1390.

No. CIV–84–162–T.

United States District Court, W.D. Oklahoma.

April 12, 1985.

As Corrected June 5, 1986.

James A. Kirk, Thomas P. Goresen, Dan T. Foley, Kirk & Chaney, Oklahoma City, Okl., for appellee.

Murray Cohen, Paul Tobin, Cohen Pluess & Tobin, Oklahoma City, Okl., for appellant.

## ORDER

RALPH G. THOMPSON, Chief Judge.

This case is before the Court for the review of the memorandum decision and order of the Bankruptcy Court of the Western District of Oklahoma, 35 B.R. 898.

The facts of this case are not in dispute. In February, 1982, the parties entered into an agreement concerning the Rushing # 1–10 well. Mahan & Rowsey (hereinafter, M & R), as operator, was to bill Mr. Turley, a non-operator owner, for his proportionate share of the drilling and completion costs of the well. Over a period of months M & R billed Mr. Turley more than his requisite share of the costs. Relying on the billings, Mr. Turley overpaid M & R $42,082.65. M & R deposited the overpayments into two bank accounts and thereafter drained the accounts to a combined balance of $11,126.71. On July 26, 1982, M & R filed for bankruptcy. At that time, the accounts were liquidated and the assets were put into the general operating fund of M & R, acting as debtor-in-possession. Subsequent enhancement of the fund has resulted in a balance in excess of $42,082.35.

Adopting the reasoning of a recent Tenth Circuit decision, the Bankruptcy Court held that M & R was in a "trustee type relationship" with Mr. Turley as a result of their operating agreement. This Court also recognizes the persuasiveness of *Reserve Oil, Inc. v. Dixon*, 711 F.2d 951 (10th Cir., 1983), and affirms that portion of the Bankruptcy Court's determination.

However, the Bankruptcy Court also held Mr. Turley was entitled to recover the full amount of the overcharges out of the increased general fund. Upon review of the record and controlling authorities, the Court finds that portion of the Bankruptcy Court's decision is in error.

■ To establish the existence of a trust relationship which would exclude the *res* from the bankruptcy estate pursuant 11 U.S.C. § 541, the claimant must prove not only the existence of the trust but also the identity of his property by tracing it through the hands of the trustee into the hands of the receiver. *Schulyer v. Littlefield*, 232 U.S. 707, 711–12, 34 S.Ct. 466, 467–68, 58 L.Ed. 806 (1914); *accord, Rosenberg v. Collins*, 624 F.2d 659, 663

48

(5th Cir., 1980). This is a difficult, though not insurmountable, burden upon the claimant. The necessity for the burden arises because the claimant is, of necessity, requesting the Bankruptcy Court to exercise its equitable powers to a permit the claimant to recover his full portion of the limited assets available for distribution among the other competing claimants. *See Johnson v. Morris*, 175 F.2d 65, 67 (10th Cir., 1949). Bankruptcy courts, in the exercise of their plenary equitable powers, have abandoned the strict tracing requirement in exceptional circumstances such as a trust arising by operation of law for the benefit of defrauded claimants. However, an exception to tracing has been allowed even in such compelling circumstances only when the exception would result in equitable treatment of the defrauded claimants. *Compare Cunningham v. Brown*, 265 U.S. 1, 44 S.Ct. 424, 68 L.Ed. 873 (1924); *In Re Teltronics*, 649 F.2d 1236, 1240–41 (7th Cir., 1981).

In this case, neither the compelling equitable element of fraud nor the likelihood of equitable treatment between the competing claimants is manifest. Rather, it is the single beneficiary of a trust who would recover both the amount of the *res* he could trace by reference to the lowest intervening balance and the excess of the overcharges from the general funds which exists for the benefit of all the creditors. Under these circumstances, the Court is compelled to conclude that the trust fund was dissipated to the lowest intervening balance and the subsequent deposits derived from sources other than funds paid by Mr. Turley cannot be subject to his equitable claims. *See* 4 *Collier on Bankruptcy* (L. King 15th ed. 1985) ¶ 541.14, p. 541–73.

Accordingly, the Bankruptcy Court's memorandum decision is affirmed as to the existence of the trust relationship between Mr. Turley and M & R and is reversed as to the amount of Mr. Turley's recovery. From the record presented, it does not appear the Bankruptcy Court made a factual determination on the issue of the lowest intervening balance. The matter is therefore remanded to the Bankruptcy Court for further proceedings to determine the extent of Mr. Turley's recovery as a beneficiary of the trust and any further appropriate proceedings regarding the balance of Mr. Turley's claim as a general creditor.