817 F.2d 682
 Bankr. L. Rep. P 71,788
In re MAHAN & ROWSEY, INC., Debtor.
Dan B. TURLEY, Plaintiff-Appellee/Cross-Appellant,
v.
MAHAN & ROWSEY, INC., Defendant-Appellant/Cross-Appellee,
Damson Oil Corporation and the First National Bank and Trust
Company of Oklahoma City, Amici Curiae.
 Nos. 85-1714, 85-1760.
 United States Court of Appeals,
Tenth Circuit.
 May 5, 1987.
 
 Paul Tobin of Cohen Pluess & Tobin, P.C., Oklahoma City, Okl., for defendant-appellant/cross-appellee.
 Thomas P. Goresen of Kirk & Chaney, Oklahoma City, Okl., for plaintiff-appellee/cross-appellant.
 James E. Britton and Merrilyn L. Blackburn of Hastie and Kirschner, Oklahoma City, Okl., filed an amicus curiae brief for The First Nat. Bank and Trust Co. of Oklahoma City.
 Before SEYMOUR, MOORE and BALDOCK, Circuit Judges.
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.8(c) and 27.1.2. The cause is thereby ordered submitted without oral argument.
 
 
 2
 This is an appeal from a judgment of a district court sitting as an appellate court in bankruptcy. Two issues are before us. The first is whether funds paid by the plaintiff to the defendant (Debtor) were impressed with a trust so that they did not become an asset of the Debtor's estate. The second issue is whether recovery of those funds is limited by application of the lowest intervening balance rule. The district court answered both questions in the affirmative. We agree.
 
 
 3
 The facts are not in dispute. Plaintiff Turley and Debtor entered into an oil well operating agreement in which Debtor, as operator, was to bill Mr. Turley for his proportionate share of the drilling and completion costs of the well. Over a period of months, through Debtor's negligence, Mr. Turley was billed for and paid $42,082.65 in excess of his proper share of those costs. Debtor deposited the overpayments into two separate bank accounts from which it made withdrawals until the advent of bankruptcy.
 
 
 4
 When Debtor filed its petition under Chapter 11 of the Bankruptcy Code, the two accounts had a remaining balance of $11,126.71. Subsequent to the filing of the bankruptcy petition, the two accounts were closed, and the funds were transferred to a general operating account for the benefit of Debtor's bankruptcy estate. Debtor subsequently made deposits to that account.
 
 
 5
 Plaintiff Turley then filed an action in the bankruptcy court to recover the full amount of his overpayment from the sums on deposit in the operating account. The bankruptcy court, relying upon Reserve Oil, Inc. v. Dixon, 711 F.2d 951 (10th Cir.1983), held the operating agreement between the parties was a "trustee type relationship" and therefore the overpayments were held by Debtor in trust for Mr. Turley. The court entered judgment for Mr. Turley in the full amount of the overpayment. In re Mahan & Rowsey, Inc., 35 B.R. 898 (Bankr.W.D.Okla.1983). On appeal the district court affirmed the bankruptcy court's determination that a trust was imposed upon the overpayment, but reversed the judgment on the full amount.[1] The court held that when the overpayments were commingled in accounts that were drawn upon, the trust beneficiary's recovery was limited to the lowest balance between the time of the deposit of the overpayments and the filing of the Chapter 11 petition, In re Mahan & Rowsey, Inc., 62 B.R. 46 (W.D.Okla.1985).
 
 I.
 
 6
 The principal issue is whether the district court correctly held that a trust arose out of the conduct of the parties. We conclude the district court was right. We noted in Reserve Oil that an operating agreement of the type present in this case created a "trustee type relationship imposing a duty of fair dealing between the operator and the non-operator owners in the matter of distribution of the shares among the owners."[2] What results from the fiduciary relationship thereby created is a constructive trust imposed on the operator. Because money was given to the operator for a particular purpose (for example, the payment of a debt), the operator received the money in trust to apply it to the intended purpose. 76 Am.Jur. Trusts Sec. 233 (1975). Contrary to the arguments of the Debtor in this case, the operator and nonoperator did not enter into an express trust. A constructive trust was imposed involuntarily upon the Debtor by operation of equity.[3]
 
 
 7
 A constructive trust is frequently imposed when, as a result of an abuse of a confidence, one either obtains or holds the legal right to property which in equity he should not. Tenneco Oil Company v. Joiner, 696 F.2d 768, 776 (10th Cir.1982); Guarantee Reserve Life Ins. Co. v. Hardin, 404 F.Supp. 961, 963 (W.D.Okla.1974); 76 Am.Jur.2d Trusts Sec. 221 (1975). Thus, because of the fiduciary relationship imposed upon Debtor in the operating agreement and the demands of equity, Debtor was bound to properly bill the nonoperator, Mr. Turley, and to pay the sums received only for Mr. Turley's share of the completion and operating expenses.
 
 
 8
 The sums subject to the constructive trust never became a part of the bankruptcy estate. Because the money was held by the Debtor prior to bankruptcy only for the benefit of Mr. Turley under a trust arising from nonbankruptcy law, that money was not property of the estate by definition. 11 U.S.C. Sec. 541(a)(1) and (c)(2); 4 Collier on Bankruptcy Sec. 541.13 (15th ed. 1987). The district court correctly affirmed the bankruptcy court's holding on this issue.[4]
 
 II.
 
 9
 Mr. Turley has cross appealed the district court's reversal of the bankruptcy court's judgment allowing him recovery of the full amount of his overpayment. He argues that failure to allow him such recovery would result in unjust enrichment of the Debtor. While the argument has facial appeal, it is not in keeping with long-standing principles applied to bankruptcy.
 
 
 10
 Generally, when assets of a trust are improperly transferred by the trustee, the beneficiary may trace those assets and recover them from anyone but a bona fide purchaser for value. 72 Am.Jur.2d Trusts Sec. 259 (1975). This trust pursuit will even allow tracing of trust funds into a commingled mass, such as the two accounts of the Debtor, 76 Am.Jur.2d Trusts Sec. 261 (1975). Yet, it is only the lowest balance in a commingled account that is subject to trust pursuit. 76 Am.Jur.2d Trusts Sec. 265 (1975). When the trustee deposits other funds into a commingled bank account, it is generally held the trustee is not replenishing trust funds. Id. This rule has long been followed in bankruptcy, as the district court correctly observed. Schuyler v. Littlefield, 232 U.S. 707, 34 S.Ct. 466, 58 L.Ed. 806 (1914); Cunningham v. Brown, 265 U.S. 1, 44 S.Ct. 424, 68 L.Ed. 873 (1924); Sonnenschein v. Reliance Ins. Co., 353 F.2d 935 (2d Cir.1965); 4 Collier on Bankruptcy Sec. 541.13 (15th ed. 1987). Therefore, the lowest balance rule was properly applied to the commingled accounts in Debtor's possession prior to the date of bankruptcy. Those were the only funds subject to trust pursuit.
 
 
 11
 This conclusion does not permit the unjust enrichment of the Debtor because Mr. Turley still has a claim against the estate for the difference between the funds subject to trust pursuit and the amount of the total overpayment. Allowing Mr. Turley recovery of the trust amounts does not extinguish that debt; it merely requires Mr. Turley to take his place among the general unsecured creditors of the Debtor. Such treatment of his claim is in accord with the reality of his status.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 We, too, agree with the bankruptcy court's analysis of the contructive trust issue
 
 
 [2]
 Reserve Oil, 711 F.2d at 953
 
 
 [3]
 Debtor proffers an argument that because the trust was an express trust, it is an executory contract that could be rejected by the Debtor in Possession pursuant to 11 U.S.C. Sec. 365(a). The argument is specious because the trust in this case is a creature of equity involuntarily imposed upon the funds paid to the trustee. A constructive trust is neither executory nor a contract
 
 
 [4]
 Although Debtor has raised other arguments on this point, we find them unpersuasive